OSCN Found Document:DISCIPLINARY RULES OF STATE BD. OF EXAMINERS OF CERTIFIED COURTROOM INTERPRETERS

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 DISCIPLINARY RULES OF STATE BD. OF EXAMINERS OF CERTIFIED COURTROOM INTERPRETERS
2015 OK 3
Decided: 01/12/2015
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2015 OK 3, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

IN RE: DISCIPLINARY RULES OF THE STATE BOARD OF EXAMINERS OF CERTIFIED COURTROOM INTERPRETERS

ORDER

The Supreme Court of Oklahoma hereby adopts the Disciplinary Rules of the State Board of Examiners of Certified Courtroom Interpreters, submitted to this Court with the unanimous approval of the Board of Examiners of Certified Courtroom Interpreters and set out in the attachment hereto. These rules shall be codified as Rules 1 - 11 in a new appendix to Chapter 23 of Title 20 of the Oklahoma Statutes which concerns courtroom interpreters and translators.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 12th DAY OF JANUARY, 2015.

/S/CHIEF JUSTICE

REIF, C.J., COMBS, V.C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, COLBERT, and GURICH, JJ., concur.

TAYLOR, J., dissents.

 

 

TITLE 20 - Courts

CHAPTER 23 - Certified Courtroom Interpreters

Appendix 3 - Rules Governing Disciplinary Proceedings of the State Board of Examiners of Certified Courtroom Interpreters 

Rule 1. Persons to Whom Rules Apply

Rule 2. Grounds for Discipline

Rule 3. Administrative Suspension and Revocation

Rule 4. Complaints

Rule 5. Formal Proceedings, How Commenced

Rule 6. Disciplinary Hearings

Rule 7. Transmittal of Recommendation and Review by Supreme Court

Rule 8. Resignation Pending Disciplinary Proceedings

Rule 9. Reinstatement After Formal Disciplinary Proceedings

Rule 10. Reinstatement After Administrative Revocation

Rule 11. Immunity

TITLE 20, CHAPTER 23

Appendix 3 - Rules Governing Disciplinary Proceedings of the State Board of Examiners Certified Courtroom Interpreters

Rule 1. Persons to Whom Rules Apply

a) These rules shall apply to all persons who are enrolled as Certified or Registered Courtroom Interpreters, or who have been granted the temporary credential of Provisional Status Interpreters under the rules of the Board of Examiners of Certified Courtroom Interpreters (hereinafter "the Board") (20 O.S. Ch. 23, App. 2). All of the foregoing persons are collectively referred to in these rules as "interpreters" or "courtroom interpreters" and use herein of the terms "certificate" or "enrollment" shall also collectively refer to a court interpreter's status as a Certified Courtroom Interpreter or Registered Courtroom Interpreter or other official authorization to practice court interpreting in Oklahoma.

b) The Board designates and authorizes the Director of the Administrative Office of the Courts to receive and accept on behalf of the Board any notice, submission or other correspondence referenced in these Rules.

Rule 2. Grounds for Discipline

Upon receiving a complaint, or as otherwise hereafter provided, the Board shall conduct proceedings, on reasonable notice, the object of which is to recommend to the Supreme Court discipline of any courtroom interpreter, where it shall be determined there exists any of the following grounds:

a) Final conviction of a criminal offense which indicates a clear and rational likelihood that the interpreter will not properly discharge the responsibilities of a certified courtroom interpreter;

1) As used in this Rule, "criminal offense" shall include, but is not limited to i) any felony, ii) any lesser crime that reflects adversely on the interpreter's honesty, trustworthiness or fitness to practice court interpreting, and/or iii) any crime a necessary element of which, as determined by the statutory or common law definition of the crime, involves interference with the administration of justice, false swearing, misrepresentation, fraud, deceit, bribery, extortion, misappropriation, theft, or an attempt, conspiracy or solicitation of another to commit a such an offense.

2) As used in this Rule, a final conviction includes a plea of guilty or nolo contendere pursuant to a deferred sentence plea agreement, a verdict or finding of guilt, or pronouncement of sentence by a trial court even though that conviction may not be final or sentence may not be actually imposed until all appeals are exhausted.

b) The misrepresentation of any fact in obtaining certification;
c) Any violation of, or noncompliance with any rule or directive of the Supreme Court, including but not limited to the Code of Professional Responsibility for Interpreters in the Oklahoma Courts;
d) Fraud, gross incompetence, gross or habitual neglect of duty;
e) Misrepresentation of certification level or status while engaging in the practice of courtroom interpreting or translating in an Oklahoma court; or
f) Engaging in the practice of courtroom interpreting in an Oklahoma court while certification is suspended.

Rule 3. Administrative Suspension and Revocation

Administrative suspension and revocation of an interpreter for nonpayment of certificate renewal fees or failure to meet continuing education requirements shall be as provided in the Rules of the State Board of Examiners of Certified Courtroom Interpreters. The formal disciplinary procedures provided for by these rules have no application to suspensions and revocations based solely on nonpayment of renewal fees or failure to meet continuing education requirements.

Rule 4. Complaints

a) The procedure for filing a complaint against a Certified Courtroom Interpreter or a Registered Courtroom Interpreter and the investigation of such complaint shall be as follows:

1) The Board shall furnish forms for a request for investigation to each person who alleges misconduct of an interpreter. Each complaint shall be in writing, although not necessarily in the prescribed form, and signed by the complainant. A complaint may be filed by any person, including another interpreter, who has knowledge or information of misconduct of an interpreter. The Board may initiate a complaint upon its own motion.

2) A complaint shall be filed with the Secretary of the Board, who shall transmit copies to all members of the Board. The Board shall conduct preliminary investigation to determine whether there are facts sufficient to warrant formal disciplinary proceedings.

i) The Board may solicit additional information from the complainant.
ii) The Board may interview or subpoena potential witnesses.
iii) The Board shall inform the interpreter involved of the nature of the complaint and afford the interpreter an opportunity to respond thereto in writing.

3) At the discretion of the Board, in order to speed the consideration and determination of complaints and controversies which may not justify or require more formal proceedings, the Board may hold an informal conference with the party or parties affected. Thereafter the Board as a body, or any designated member, or representative thereof, shall attempt to resolve the controversy in an equitable manner. Such proceedings shall be without prejudice to the right of the Board thereafter to conduct formal disciplinary proceedings covering the same or related subject matter as set forth in Rule 5 and Rule 6 herein.

4) Should the Board determine that formal disciplinary proceedings are not warranted, the complainant and the interpreter involved shall be promptly notified of such determination by the Secretary of the Board. Such determination may be appealed by the complainant by filing a Petition for Review with the Clerk of the Supreme Court not more than thirty (30) days from the date of the Board's decision. Such petition shall be processed by the Court as in other appeals from recommendations of the Board as hereinafter provided.

5) Should the Board determine that formal disciplinary proceedings are warranted, the Secretary of the Board shall prepare a formal complaint, as set forth in Rule 5.

b) The procedure for filing a complaint against a Provisional Status Interpreter and the investigation of such complaint shall be as follows:

1) The Board shall furnish forms for a request for investigation to each person who alleges misconduct of a Provisional Status Interpreter. Each complaint shall be in writing, although not necessarily in the prescribed form, and signed by the complainant. A complaint may be filed by any person, including another interpreter, who has knowledge or information of misconduct of a Provisional Status Interpreter. The Board may initiate a complaint upon its own motion.

2) A complaint shall be filed with the Secretary of the Board, who shall transmit copies to all members of the Board. The Board shall conduct an investigation to determine whether there are facts sufficient to warrant disciplinary action.

i) The Board may solicit additional information from the complainant.
ii) The Board may interview or subpoena potential witnesses.
iii) The Board shall inform the interpreter involved of the nature of the complaint and afford the interpreter an opportunity to respond thereto in writing.

3) Formal disciplinary proceedings are not required in complaints against Provisional Status Interpreters. Provisional Status Interpreters are not enrolled, they do not hold an official certification, and the amount of time an interpreter may hold provisional status is limited as provided in Rule 2(c) of the Rules of Board of Examiners of Certified Courtroom Interpreters.

4) Upon receipt of a complaint regarding a Provisional Status Interpreter, the Board may hold an informal conference with the party or parties affected. Thereafter the Board as a body, or any designated member, or representative thereof, shall attempt to resolve the controversy in an equitable manner. Such proceedings shall be without prejudice to the right of the Board thereafter to conduct a formal hearing covering the same or related subject matter generally following the requirements and order of proceedings set forth in Rule 6 herein.

5) Should the Board determine that disciplinary action is not warranted, the complainant and the interpreter involved shall be promptly notified of such determination by the Secretary of the Board.

6) Disciplinary action against a Provisional Status Interpreter shall consist of immediate removal from the Provisional Interpreter registry and revocation of the interpreter's provisional status. The Board may recommend that the Supreme Court remove a Provisional Status Interpreter from the registry and revoke the interpreter's provisional status if the Board determines that such action would be in the best interest of the courts.

7) Should the Board determine that removal of a Provisional Status Interpreter from the registry is warranted, the Board shall make a written recommendation to the Supreme Court to immediately remove the Provisional Status Interpreter from the Provisional Interpreter registry, based upon the information gathered during its investigation as provided above. The complainant and the interpreter involved shall be promptly notified of such determination by the Secretary of the Board.

8) Upon submission of the Board's recommendation, the Board's recommendation shall stand submitted to the Supreme Court which may, in its sole discretion, adopt or reject such recommendations in whole or in part, remand with instructions, or make such other disposition as the Supreme Court may deem proper, with or without oral argument or formal written opinion. Either party aggrieved by the decision of the Supreme Court may make application for rehearing as provided by the Rules of the Supreme Court.

c) The Board shall obtain legal assistance from the Office of the Attorney General in investigating and processing complaints and conducting formal disciplinary proceedings, reinstatements after formal disciplinary proceedings, and any appeals related to such matters. The Office of the Attorney General is authorized to provide counsel and legal representation to the Board as is necessary to investigate and process complaints and to prepare and prosecute formal disciplinary proceedings, reinstatements after formal disciplinary proceedings, and related appeals authorized by these Rules.

Rule 5. Formal Proceedings, How Commenced

a) Upon an affirmative vote of the Board to commence formal disciplinary proceedings, the Secretary of the Board shall prepare a formal complaint. The formal complaint shall be styled:

BEFORE THE STATE BOARD OF EXAMINERS OF CERTIFIED COURTROOM INTERPRETERS

 

The State of Oklahoma ex rel. State Board
Of Examiners of Certified Courtroom Interpreters,
Complainant,

___________________ No.
v.
(Name of Accused),
Respondent,

COMPLAINT

b) The complaint shall state the specific facts constituting the alleged misconduct, whether prior misconduct has resulted in discipline, and whether prior investigations of misconduct are to be relied upon to enhance discipline. Any prior acts or conduct relied upon to enhance discipline shall be so stated and set forth by specific allegation of fact. The complaint shall be attested by the Chairman of the Board.

c) Should the complaint allege as grounds for discipline the final conviction of an interpreter, in any jurisdiction, of a criminal offense which indicates a clear and rational likelihood that the interpreter will not properly discharge his or her duties and responsibilities as a certified courtroom interpreter, there shall be attached thereto a certified copy of the indictment or information, and a certified copy of the judgment and sentence on a plea of guilty, order deferring judgment and sentence, or judgment and sentence of conviction. Such documents, regardless of the pendency of an appeal, shall constitute the charge and be conclusive evidence of the commission of the crime upon which the judgment is based and shall suffice as the basis for discipline in accordance with these rules. Thereafter, the issues in a formal proceeding shall be limited to whether the conviction demonstrates a clear and rational likelihood that the interpreter will not properly discharge his or her duties and responsibilities, and the nature and extent of discipline to be imposed.

1) If an appeal is perfected from the judgment of conviction and such judgment is reversed, the disciplinary proceedings based on such conviction shall be dismissed immediately and the interpreter involved restored to his/her former status.

2) Conviction in a criminal proceeding is not a condition precedent to the imposition of discipline. Nothing contained herein shall prevent the Board from initiating and conducting formal disciplinary proceedings upon charges identical to those set forth in a criminal complaint, indictment, or information, notwithstanding the pendency or final disposition of the criminal action.

d) The Secretary of the Board shall cause the complaint together with notice of a hearing before the Board thereon to be sent to the interpreter involved. The hearing before the Board shall be set no earlier than thirty (30) days from the date of mailing of the complaint and notice. The Chairman of the Board may, in his or her discretion, grant continuances for good cause known.

e) Upon receipt of sufficient evidence that an interpreter has engaged in conduct indicating that he or she is unfit to practice courtroom interpreting, and where such conduct poses an immediate threat of public harm, the Board may, in its discretion, request the Supreme Court to order the immediate interim suspension of that interpreter. In its order of interim suspension, the Court shall direct the interpreter to appear before the Board at a time certain, to show cause why the order of interim suspension should be set aside. Upon good cause shown, the Board may request the Court to set aside its order of interim suspension when it appears to be in the interest of justice to do so, with due regard being given to maintaining the integrity of and confidence in the courtroom interpreting profession.

f) Upon written request made not less than fifteen (15) days prior to the hearing date, the interpreter respondent shall be provided with a list of all witnesses the Board reasonably anticipates may be called to testify at the hearing and copies of all documentary evidence supporting the allegations of the complaint. These will be provided by Board, or by the Attorney General or an Assistant Attorney General, not less than ten (10) days prior to the hearing date. The interpreter respondent, not less than five (5) days prior to the hearing, shall submit a list of all witnesses the respondent anticipates may be called to testify at the hearing and all documentary evidence the interpreter intends to introduce as evidence in defense of the charges in the complaint or as to mitigation of discipline. The Board may in its discretion and for good cause shown modify the time limits herein imposed.

Rule 6. Disciplinary Hearings

a) The Board, under signature of the Chairman on behalf of the Board, shall have power to issue subpoenas to compel the attendance of witnesses on behalf of the State or the interpreter involved.

b) The Chairman shall preside over formal disciplinary hearings and, if necessary, rule on questions of procedure. Disciplinary hearings shall be conducted in an orderly manner, generally following the order of proceedings in civil matters. However, the formal rules of evidence and civil procedure shall not apply to disciplinary hearings before the Board. Any evidence offered on behalf of the complainant or the interpreter respondent shall be received and considered unless clearly irrelevant to the proceedings. The interpreter shall have the right to appear personally or through counsel, cross examine witnesses and present evidence on his/her own behalf. The Board or the respondent may request that a complete stenographic record of formal disciplinary hearings before the Board be kept. The complainant shall have the burden of persuasion on the material elements of the complaint. Hearings may be adjourned or continued to a date certain as the Board in its discretion shall decide.

c) All disciplinary proceedings before the Board shall be open to the public, except that the Board, when acting in its capacity as a quasi-judicial body, may close the meeting to the public for purposes of deliberations only. All votes of the Board regarding disciplinary matters shall be publicly cast and recorded.

d) The Board shall issue a written report with findings of fact and conclusions of law as applicable, and its recommendation to the Supreme Court for or against discipline. The written report of the Board shall reflect the votes of the members for or against the Board's recommendation. Disciplinary action against a Registered or Certified Courtroom Interpreter shall consist of either:

1) Suspension for a period of time up to one (1) year; or
2) Revocation of the enrollment of a Registered or Certified Courtroom Interpreter.

e) The Board shall issue its written report and recommendation within fifteen (15) days from the conclusion of the hearing. The written report and recommendation of the Board shall be immediately transmitted to the interpreter, by hand-delivery or by mailing it or sending it by third-party commercial carrier for delivery within three (3) calendar days. Proof of service shall be documented, and may be made by a certificate of mailing endorsed on the written report.

Rule 7. Transmittal of Recommendation and Review by Supreme Court

a) Within forty-five (45) days after the date of the hearing, the Board shall file with the Clerk of the Supreme Court the complete record of the proceedings, which shall consist of the following:

1) The complaint;
2) The Board's written report and recommendation for or against disciplinary action, and proof of service thereof;
3) All other pleadings, if any;
4) A transcript of the formal disciplinary hearing, if a stenographic recording was made; and
5) All exhibits offered at the hearing.

b) Unless ordered by the Supreme Court, a designation of record will not be required to accompany the materials filed by the Board. An extension of time for preparation of the record may be granted only by order of the Supreme Court, for good cause shown. The Secretary of the Board shall promptly notify the interpreter respondent and the complainant of the completion and transmittal of the record.

c) Either the complainant or the interpreter may, within twenty (20) days of receipt of notice of completion and transmittal of the record, file a brief-in-chief contesting the Board's recommendation or any part thereof. An answer brief may be filed within ten (10) days after the filing of brief-in-chief. A reply brief may be filed within five (5) days after filing of the answer brief.

d) After filing of briefs, if any, the report and recommendations of the Board shall stand submitted to the Supreme Court which may, in its sole discretion, adopt or reject such recommendations in whole or in part, remand with instructions, or make such other disposition as the Supreme Court may deem proper, with or without oral argument or formal written opinion. Either party aggrieved by the decision of the Supreme Court may make application for rehearing as provided by the Rules of the Supreme Court.

e) During the pendency of a formal disciplinary proceeding, if an interpreter allows his or her certificate to be administratively revoked for failure to satisfy renewal or continuing education requirements, such revocation shall be deemed to be equivalent to a resignation pending disciplinary proceeding as provided in Rule 8. Upon such revocation, the Board may elect to discontinue further action in the formal disciplinary proceeding. If the matter has been submitted to the Supreme Court, the Board shall file a notice with the Clerk of the Supreme Court advising of the administrative revocation.

Rule 8. Resignation Pending Disciplinary Proceedings

a) An interpreter who is the subject of an investigation or a pending disciplinary proceeding may resign from enrollment as a Registered or Certified Courtroom Interpreter, and thereby relinquish the right to engage in courtroom interpreting in this state, by delivering to the Board a signed affidavit stating that the interpreter desires to resign and that:

1) The resignation is freely and voluntarily rendered, the interpreter is not subject to coercion or duress, and the interpreter is fully aware of the consequences of submitting the resignation;
2) The interpreter is aware that there is presently pending an investigation into, or a proceeding involving, allegations that there exist grounds for discipline, specifying particularly the misconduct alleged; and
3) The interpreter understands that no application for reinstatement may be filed prior to the lapse of five (5) years from the effective date of the resignation.

b) Upon receipt of the required affidavit, the Board shall deliver it to the Chief Justice, or if a formal disciplinary proceeding case file has been opened, file it with the Clerk of the Supreme Court, and the Supreme Court may enter an order approving the resignation pending disciplinary proceedings. An interpreter who so resigns shall not be permitted to apply for reinstatement until five (5) years have lapsed from the effective date of the resignation, and subject to the requirements of Rule 9 of the Rules Governing Disciplinary Proceedings.

Rule 9. Reinstatement After Formal Disciplinary Proceedings

a) Any interpreter who, as a result of formal disciplinary proceedings, has been suspended by order of the Supreme Court for a period of one (1) year or less may apply to have his/her certificate reinstated without further proceedings before the Board by filing a verified application with the Secretary of the Board which shall state:

1) That the term of the suspension as ordered by the decision of the Supreme Court has expired;
2) That all costs of the formal disciplinary proceedings, including transcript costs, as well as renewal fees, have been paid by the applicant;
3) That there is not currently pending before the Board any complaint of misconduct against the applicant, and;
4) That the applicant has not engaged in the practice of court interpreting during the term of suspension.

b) Any interpreter who, as a result of formal disciplinary proceedings, has had his/her enrollment revoked by order of the Supreme Court, or who resigned enrollment pending disciplinary proceedings pursuant to Rule 8, may seek reinstatement by filing a verified application with the Secretary of the Board which shall state:

1) The applicant's current home and business address, together with a narrative of his/her residence and employment history during the period of revocation or resignation;
2) That the applicant has not, during the period of his/her revocation or resignation, been finally convicted of a criminal offense which indicates a clear and rational likelihood that the interpreter will not properly discharge the responsibilities of a certified courtroom interpreter;
3) The names of at least five (5) persons who will testify as to the good moral character of the applicant;
4) That the applicant has paid all costs of the disciplinary proceedings resulting in his/her discipline or resignation, all renewal fees and/or penalty fees due but unpaid at the time of revocation or resignation, and will pay all costs attendant to processing of his/her application for reinstatement;
5) That the applicant has not engaged in the practice of courtroom interpreting in the Oklahoma courts during the term of revocation or resignation; and
6) That the applicant continues to possess the necessary skills and qualifications for practice in the profession by furnishing evidence that, within the two (2) years prior to the application for reinstatement, the applicant:
i) Has been actively certified in another state or federal court and has regularly provided professional services as a courtroom interpreter totaling no fewer than 120 hours interpreting in the courtroom setting; or
ii) Has taken and successfully passed the following:

1) If applying for reinstatement as a Registered Courtroom Interpreter, the NCSC Court Interpreter Written Examination and the foreign language basic proficiency assessment, or
2) If applying for reinstatement as a Certified Courtroom Interpreter, the NCSC Court Interpreter Oral Examination.

c) No application for reinstatement shall be permitted after resignation pending investigation or disciplinary proceedings until five (5) years have lapsed from the effective date of the order of the Court accepting the resignation, nor shall any applicant be permitted to file an application for reinstatement within one (1) year after the Supreme Court has denied an earlier application.

d) Upon receipt of an application for reinstatement pursuant to paragraph b, the Secretary of the Board shall transmit copies of said application to all members of the Board, and shall cause said application to be set for hearing before the Board. Notice of hearing on the application shall be sent to the applicant and shall be published in the Oklahoma Bar Journal and in a newspaper of general circulation in the county of the residence of the applicant and, if different, also in the county of the applicant's residence at the time of his/her cancellation or revocation. The cost of such publication shall be included in the costs to be paid by the applicant. Said notice shall be published in one (1) issue of each such periodical and shall advise interested persons when and where the hearing will be conducted.

e) The Board shall conduct a full hearing on the reinstatement application in the same manner as in conducting hearings on formal disciplinary complaints. The Board shall make a written report with findings of fact and conclusions of law as applicable and its recommendation to the Supreme Court for or against reinstatement. The written report of the Board shall reflect the votes of the members for or against the Board's recommendation.

f) The written report and recommendation of the Board shall be immediately transmitted to the interpreter involved, by hand-delivery or by mailing it or sending it by third-party commercial carrier for delivery within three (3) calendar days. Proof of service shall be documented, and may be made by a certificate of mailing endorsed on the written report and recommendation.

g) Within forty-five (45) days after the date of the hearing, the Board shall deliver to the Chief Justice of the Supreme Court the complete record of the reinstatement proceedings, which shall consist of the following:

1) The reinstatement application and any attachments;
2) The Board's written report and recommendation for or against reinstatement, and proof of service thereof;
3) A transcript of the reinstatement hearing, if a stenographic recording was made; and
4) All exhibits offered at the hearing.

h) Unless ordered by the Chief Justice, a designation of record will not be required. An extension of time for preparation of the record may be granted only by order of the Chief Justice, for good cause shown. The Secretary of the Board shall promptly notify the interpreter applying for reinstatement of the completion and transmittal of the record.

i) After completion and transmittal of the record, the report and recommendations of the Board shall stand submitted to the Supreme Court which may, in its sole discretion, adopt or reject such recommendations in whole or in part, remand with instructions, request briefs from the parties, or make such other disposition as the Supreme Court may deem proper, with or without oral argument or formal written opinion. Either party aggrieved by the decision of the Supreme Court may make application for rehearing as provided by the Rules of the Supreme Court.

j) Material deletions or misrepresentations in an application for reinstatement, or any related proceedings, shall be grounds for rejection of the application and/or further discipline.

Rule 10. Reinstatement After Administrative Revocation

a) An interpreter who, due to failure to pay certificate renewal fees or obtain the required hours of continuing education, has had his/her enrollment administratively revoked for a period of one (1) year or less may apply to have his/her certificate reinstated without further proceedings before the Board by filing a verified application with the Secretary of the Board, and a copy thereof with the Clerk of the Supreme Court, which shall demonstrate:

1) That the applicant has paid any certificate renewal fee, delinquent payment fee, continuing education penalty fee, or continuing education suspension fee that was accrued on the date of the administrative revocation;
2) That there is not currently pending before the Board any complaint of misconduct against the applicant;
3) That the applicant has not engaged in the practice of courtroom interpreting in the Oklahoma courts during the term of revocation, and;
4) That the applicant has paid a reinstatement fee in an amount determined by the Board and approved by the Supreme Court.

b) An interpreter who, due to failure to pay certificate renewal fees or obtain the required hours of continuing education, has had his/her enrollment administratively revoked for a period longer than one (1) year may apply to be reinstated without further proceedings before the Board by filing a verified application with the Secretary of the Board which shall demonstrate:

1) That the applicant has paid any certificate renewal fee, delinquent payment fee, continuing education penalty fee, or continuing education suspension fee that was accrued on the date of the administrative revocation;
2) That there is not currently pending before the Board any complaint of misconduct against the applicant;
3) That the applicant has not engaged in the practice of courtroom interpreting in the Oklahoma courts during the term of revocation,
4) That the applicant has paid a reinstatement fee in an amount determined by the Board and approved by the Supreme Court; and
5) That the applicant continues to possess the necessary skills and qualifications for practice in the profession by furnishing evidence that, within twenty-four (24) months prior to the application for reinstatement, the applicant:

i) Has been certified in another state or federal court and has regularly provided professional services as a courtroom interpreter totaling no fewer than approximately 120 hours interpreting in the courtroom setting; or
ii) Has taken and successfully passed the following:
1) If applying for reinstatement as a Registered Courtroom Interpreter, the NCSC Court Interpreter Written Examination and the foreign language basic proficiency assessment, or
2) If applying for reinstatement as a Certified Courtroom Interpreter, the NCSC Court Interpreter Oral Examination.

Rule 11. Immunity

The members of the Board, the Administrative Director of the Courts, the Administrative Office of the Courts, and their agents and employees who participate in the enforcement of these Rules and/or the administration of Oklahoma's Certified Courtroom Interpreter program, shall be considered as acting officially as an arm of the Supreme Court of the State of Oklahoma, and shall enjoy immunity from civil liability to the fullest extent recognized by federal and state law.





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 Title 20. Courts
 Cite
Name
Level

 20 O.S. Rule 1, Persons to Whom Rules Apply
Cited
 20 O.S. Rule 2, Grounds for Discipline
Cited
 20 O.S. Rule 3, Administrative Suspension and Revocation
Cited
 20 O.S. Rule 4, Complaints
Cited
 20 O.S. Rule 5, Formal Proceedings, How Commenced
Cited
 20 O.S. Rule 6, Disciplinary Hearings
Cited
 20 O.S. Rule 7, Transmittal of Recommendation and Review by Supreme Court
Cited
 20 O.S. Rule 8, Resignation Pending Disciplinary Proceedings
Cited
 20 O.S. Rule 9, Reinstatement After Formal Disciplinary Proceedings
Cited
 20 O.S. Rule 10, Reinstatement After Administrative Revocation
Cited
 20 O.S. Rule 11, Immunity
Cited


 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 None Found.